IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ECOFACTOR, INC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 6:22-cv-00033-ADA |
| *v.* | § | |
| | § | JURY TRIAL DEMANDED |
| ECOBEE, INC., | § | |
| | § | |
| Defendant. | | |

## ORDER DENYING DEFENDANT'S MOTIONS FOR SANCTIONS UNDER RULE 11, DISMISSAL PURSUANT TO RULE 12(b)(3), 12(b)(6), AND THE FIRST-TO-FILE RULE OR, IN THE ALTERNATIVE, TO TRANSFER OR STAY

Came on for consideration this date are Defendant's Motion for Sanctions Under Rule 11 (ECF No. 17) and Motion to Dismiss Pursuant to Rule 12(b)(3), 12(b)(6), and the First-to-File Rule or, in the Alternative, to Transfer or Stay (ECF No. 20). After careful consideration of the two motions, the parties' briefs, and the applicable law, the Court **DENIES** Defendant's motions.

## I.      BACKGROUND

On January 10, 2022, Plaintiff EcoFactor, Inc. ("EcoFactor") sued Defendant ecobee, Inc. ("ecobee") for patent infringement concerning Patent Nos. 8,131,497 ("the '497 Patent"); 8,423,322 ("the '322 Patent"); 8,498,753 ("the '753 Patent"); and 10,018,371 ("the '371 Patent") (collectively, the "Asserted Patents") in this Court. *See generally* ECF No. 20 at 3, 5. Before the present action was brought before this Court, EcoFactor filed a notice of voluntary dismissal of its stayed litigation in the District of Massachusetts pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  ECF No. 8 at 15; *see also EcoFactor, Inc. v. ecobee Inc.*, No. 1:19-cv-12325-

PBS, ECF No. 20 (D. Mass. Jan. 10, 2022). ecobee alleges that EcoFactor's claims are "baseless, frivolous and brought in bad faith" because EcoFactor obtained an unfavorable judgment from the International Trade Commission Investigation No. 1185 as to three of the Asserted Patents. ECF No. 20 at 1–2. ecobee also claims that EcoFactor's actions constitute blatant forum shopping. ECF No. 17 at 9.

ecobee asks this Court to issue sanctions against the Plaintiff and its counsel pursuant to Federal Rule of Civil Procedure 11, and seeks dismissal of the Plaintiff's complaint, an award of Defendant's attorneys' fees, and other sanctions that may be deemed appropriate. *Id.* at 1. If this Court does not grant Rule 11 Sanctions, ecobee moves this Court to dismiss the case pursuant to Federal Rule 12(b)(3) for improper venue, 12(b)(6) for failure to state a claim, and the first-to-file rule. ECF No. 20 at 2. In the alternative, ecobee seeks to transfer this case back to the District of Massachusetts pursuant to the same grounds. *Id.* Judge Patti Saris, the presiding Judge over the District of Massachusetts action, has stayed discovery of the case and deferred to this Court to determine the proper forum to hear the merits of this action. ECF No. 27, Ex. 1. These Motions are now ripe for judgment.

## II.     LEGAL STANDARD

### A.  Sanctions

Under Rule 11(b) of the Federal Rules of Civil Procedure, an attorney certifies to the best of its knowledge, after an "inquiry reasonable under the circumstances," that the "pleading, written motion, or other paper" it presents to the Court is not for "any improper purpose." FED. R. CIV. P. 11(b). An attorney also certifies that "the claims, defenses, and other legal contentions are warranted." *Id.* Additionally, an attorney certifies that its "factual contentions have evidentiary support" and that any "denial[s] of factual contentions are warranted on the

evidence" or "reasonably based on belief or lack of information." *Id.* In granting sanctions, a court must only impose "the least severe sanction on attorneys and parties" who are in violation of Rule 11. *Merriman v. Security Insurance Co. of Hartford*, 100 F.3d 1187, 1194 (5th Cir. 1996).

### B. First-to-File

The First-to-File Rule is a tool that authorizes the federal court with the latter-filed case to stay the case before it when there is a substantial overlap between the two. *See West Gulf Mar. Ass'n v. ILA Deep Sea Local 24 et al.*, 751 F.2d 721, 728 (5th Cir. 1985). The rule is based on principles of comity and judicial efficiency, with its main purpose "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *See Gonzalez v. United Health Grp., Inc.*, No. 6:19-cv-00700-ADA, 2020 WL 2992174, at *1 (W.D. Tex. June 3, 2020). The Fifth Circuit analyzes the following factors when determining if there is sufficient substantial overlap: (i) whether the core issue is the same; or (ii) whether the operative facts are so similar that the proof required would likely be the same. *See Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011). It is not necessary for the complete identity of the parties and issues presented to be identical. *See Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 951 (5th Cir. 1997). Rather, the main focus is whether there are "closely related questions or common subject matter." *Id.*

### C. Improper Venue

Under Federal Rule of Civil Procedure 12(b)(3), a party is permitted to move for dismissal of a case when venue is improper. FED. R. CIV. P. 12(b)(3). For patent cases, 28 U.S.C. § 1400(b) governs venue analysis providing that "[a]ny civil action for patent infringement may

3

be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). However, when the defendant is not a resident of the United States, "it may be sued in any judicial district." 28 U.S.C. § 1391(c)(3); *see also In re HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018).

### D.  Failure to State a Claim

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is "a purely procedural question not pertaining to patent law," and so the law of the Fifth Circuit controls. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). When considering such motions, the Court "accepts all well-pleaded facts as true, views them in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor." *Johnson v. BOKF Nat'l Ass'n*, 15 F.4th 356, 361 (5th Cir. 2021).

Rule 12(b)(6) requires that a complaint contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail . . . but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's task is to determine whether the plaintiff has

stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

## III.     ANALYSIS

### A.  EcoFactor's actions are not sufficient to warrant sanctions under Rule 11.

#### 1.  EcoFactor's arguments are not frivolous.

ecobee argues that EcoFactor's litigation of the Asserted Patents is not in "good faith" and that its allegations are "baseless" due to the extensive litigation history between the parties. ECF No. 17 at 11. ecobee points to the *1185 Investigation* and how after "extensive discovery," EcoFactor failed to identify a "viable theory of infringement against ecobee" regarding the '753, '322, and '371 Patents and thus dismissed the corresponding allegations against ecobee during the *1185 Investigation*. *Id.* Simply put, ecobee argues that it is "unreasonable and vexatious for EcoFactor to re-litigate these claims in view of the outcome of the *1185 Investigation*, the information revealed in discovery and EcoFactor's withdrawal of claims of infringement on [the '753, '322, and '371 Patents]." ECF No. 21 at 3. ecobee also argues that, for the '497 Patent, EcoFactor's infringement allegations are based on "frivolous arguments that are devoid of merit." ECF No. 17 at 12. ecobee posits that the ITC conducted a full review of the '497 Patent and concluded that ecobee did not infringe for various reasons. *Id.* Thus, ecobee argues that because EcoFactor fails to identify any significant differences between this case and the *1185 Investigation*, EcoFactor violates Rule 11, and sanctions are appropriate. ECF No. 21 at 4.

ecobee also cites *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 WL 4616847, at *3–5 (N.D. Cal. Sept. 15, 2014), as analogous to the present case. ecobee highlights how similar to the present case, a plaintiff dismissed its ITC investigation and "proceeded to

litigate the same issues in district court." ECF No. 17 at 13 (citing *Linex*, 2014 WL 4616847, at

*2). The *Linex* court stated the plaintiff "should have known" it would not succeed because the

ITC staff attorney issued unfavorable claim construction opinions against it. *Id.* ecobee argues

that this is factually analogous to the current suit with the EcoFactor's prior unfavorable rulings

from the *1185 Investigation*. *Id.* The *Linex* case also states that the fact the ITC's decisions were

not binding did not alter its analysis because of how meritless the *Linex* claims were as "asserted

against the defendant's technology." *Id.* ecobee argues that because EcoFactor is also

maintaining baseless infringement allegations, the same rationale from *Linex* should be applied

here. *Id.* at 14. Thus, this Court should grant sanctions and the case should be dismissed, or in the

alternative, stayed or transferred. *Id.*

      In response, EcoFactor first contends that it performed a "reasonable pre-suit inquiry"

under the relevant standard for patent infringement actions and thus has a "reasonable basis for

maintaining its complaint." ECF No. 18 at 1. EcoFactor points to the "over 350 pages of claim

charts" that contain "public information about how the ecobee accused products practice the

asserted claims." *Id.* at 2 (citing ECF Nos. 1-2, 1-4, 1-6, 1-8). EcoFactor claims that its charts

"provide narrative descriptions" showing how ecobee infringes the asserted claims, which refutes

ecobee's claim that EcoFactor has no evidentiary support "for its allegations in the claim charts

accompanying its Complaint." *Id.* at 3 (citing ECF No. 17 at 12). Additionally, EcoFactor is

quick to point out that under Federal Circuit precedent, "Congress did not intend decisions of the

ITC on patent issues to have preclusive effect." *Id.* at 5 (citing *Tex. Instruments Inc. v. Cypress

Semiconductor Corp.*, 90 F.3d 1558, 1569 (Fed. Cir. 1996)). Even so, EcoFactor points out that

the *1185 Investigation's* findings were "far more limited than what ecobee suggests." *Id.*

EcoFactor asserts there were "no findings…with respect to the '753 Patent," and "no findings

were made . . . as to whether ecobee infringes the '371 patent or the '322 patent." *Id.* Additionally, EcoFactor reiterates that none of the findings from the *1185 Investigation* have a preclusive effect here, including the "non-infringement finding on the '497 patent and the invalidity findings on the '497 and '322 patents." *Id.* Furthermore, EcoFactor claims that there are key differences between the *1185 Investigation* and the present action, such as "different periods of alleged infringement" and "differences in the proof available." *Id.* at 8.

While ecobee claims that *Linex* is factually analogous, EcoFactor maintains that it is distinguishable from the present case because ecobee omitted "numerous key facts" that make *Linex* "frankly misleading." *Id.* at 9. EcoFactor claims that the *Linex* decision was based on "a multitude of egregious facts that have no analog in the present action." *Id.* EcoFactor argues that ecobee's presentation of the facts "might lead one to believe" that sanctions were issued "merely because Linex pursued an infringement claim that was rejected at the ITC." *Id.* at 10. EcoFactor points to how the *Linex* court found that Linex knew its claims could not cover the 802.11n standard, yet Linex continued to pursue its claims. *Id.* at 10–11. EcoFactor points to seven specific factual circumstances that are distinguishable from the present action. *Id.* Thus, *Linex* is distinguishable from the present matter in EcoFactor's view.

The Court does not find ecobee's arguments persuasive. The Court finds it important to emphasize that the ITC's *1185 Investigation* has no preclusive effect on the Asserted Patents, which is undisputed amongst both parties. At best, the ITC's findings are persuasive authority. Additionally, as EcoFactor rightfully points out, the findings of the *1185 Investigation* were limited in scope as there were no findings of noninfringement as to the '753 Patent, '371 Patent, and the '322 Patent. ECF No. 18 at 5. Furthermore, the Court agrees with EcoFactor that "over 350 pages" of claim charts alleging infringement against ecobee is evidence of a reasonable pre-

suit inquiry under Rule 11. *Id.* at 2. As to the *Linex* case, the Court finds that *Linex* and the present matter are factually distinguishable. There were far more instances of sanctionable conduct, such as clear evidence of knowledge of frivolous claims based on the inventor's testimony and quick settlements after adverse rulings. Those facts, or anything resembling sanctionable conduct, are absent from the present matter. Thus, the Court denies ecobee's Motion for Sanctions based on the grounds of frivolous allegations under Rule 11.

### 2.  *EcoFactor has made no misrepresentations to the PTAB or this Court.*

ecobee asserts that EcoFactor made misrepresentations to the PTAB that additionally support Rule 11 sanctions. ECF No. 17 at 9–10, 17, 18. ecobee claims that EcoFactor has taken contradictory positions because it once argued that "the ITC's findings as to validity are likely to be dispositive of the parties' dispute" yet are now claiming that the *1185 Investigation* bears no weight on the present case. *Id.* at 10. Furthermore, ecobee argues that EcoFactor attempted to "create the false impression that the instant action is a first filed district court action." Lastly, ecobee claims that EcoFactor failed to list the *1185 Investigation* as a "related litigation in its notice of related cases accompanying its Complaint." *Id.* at 18 (citing D.I. 4.) (emphasis omitted). ecobee asserts that these misrepresentations further serve as grounds for this Court to award sanctions.

EcoFactor argues that it did not make any misrepresentations to the PTAB. *Id* at 12. EcoFactor states that the statement ecobee points to is not a misrepresentation because it did not represent to the PTAB "that any ITC decision on invalidity would have preclusive effect here or elsewhere" and "explicitly noted that it would not." *Id.* EcoFactor posits that what it said was not "any different from what the Board itself already acknowledged." *Id.* Furthermore, EcoFactor disputes ecobee's accusation that there were "three separate times of misleading this

Court." *Id.* at 14. EcoFactor claims it was merely following local rules that require the only "related cases to be identified are related ***pending*** cases." *Id.* (emphasis in original) (internal quotations omitted). EcoFactor also points out how it is "bizarre" for ecobee to say that EcoFactor was attempting to hide the *185 Investigation* because this Court was "well aware of EcoFactor's ITC proceedings" because this Court "has specifically considered motion practice related to the *1185 Investigation*." *Id.*

The Court does not find ecobee's arguments persuasive. ecobee attempts to point at seemingly contradictory statements made by EcoFactor to the PTAB as evidence of misrepresentation. However, upon review, the Court does not find the "likely to be dispositive" language as a misrepresentation because it is not inaccurate. As EcoFactor explains, what it said perfectly aligned with the Board's *Fintiv* opinion. ECF No. 18 at 12–13. EcoFactor does not dispute the statement's truth but qualifies it by saying that it would be different if new evidence or arguments were raised. *Id.* EcoFactor admits that "if ecobee challenges the validity of those same '322 patent claims based on the same prior art, then EcoFactor would best be served by presenting new arguments." *Id.* There seems to be no contradictory position held by EcoFactor and no sanctionable conduct.

As to ecobee's accusations of EcoFactor misleading this Court regarding related cases, the Court finds that EcoFactor followed the local rules in the strictest manner possible, which cannot be grounds for sanctionable conduct. Further, the Court agrees with EcoFactor that it could not intend to hide the *1185 Investigation* when this Court has dealt with motions related to the ITC's investigation. Thus, because the Court does not find that EcoFactor made any misrepresentations to the PTAB nor did EcoFactor mislead this Court, the Court denies ecobee's Motion for Sanctions on the grounds mentioned above.

### 3. *EcoFactor's alleged forum shopping is not improper.*

ecobee asserts that EcoFactor has engaged in "one of the most transparent versions of forum shopping." ECF No. 17 at 3. Ecobee argues that EcoFactor's actions of terminating the *1185 Investigation* appeal to the Federal Circuit, coupled with EcoFactor's termination of the District of Massachusetts action, and then the filing of this case demonstrates that EcoFactor knows its positions are frivolous. *Id.* ecobee's position is essentially that EcoFactor is doing whatever it can to have its case heard before this Court because of its previous favorable rulings, and that the District of Massachusetts would have potentially ruled against EcoFactor in light of the *1185 Investigation. Id.* Additionally, ecobee does not believe that litigating the Asserted Patents in this Court will be more efficient, but would rather be inefficient because the "ITC has already analyzed and decided" these issues and "EcoFactor [already] took substantial discovery . . . and concluded that its claims . . . were so weak it withdrew from trial." ECF No. 21 at 10.

EcoFactor counters by arguing that this Court is the forum that would be the most efficient use of judicial and party resources. ECF No. 18 at 15. EcoFactor references the familiarity this Court has gained with "the accused technology of ecobee and others" during the pendency of the *1185 Investigation*. *Id.* EcoFactor also points to the recent jury trial this Court conducted over the patents and relevant technology as more evidence of this Court's familiarity. *Id.* EcoFactor posits that under the totality of all of these facts, it is clear that this Court has the most experience in the Asserted Patents and thus would be the most efficient forum for adjudicating this case on the merits. *Id.* at 16. Additionally, EcoFactor counters ecobee's assertion that the present action was improperly filed because the Massachusetts's litigation was stayed and thus could not be voluntarily dismissed. *Id.* EcoFactor points to "decades of

10

precedent" which show that its notice of voluntary dismissal during a stay is "automatic and immediate." *Id.* (citing n.5). Further, EcoFactor clarifies that the Massachusetts court did not "acknowledge EcoFactor's gamesmanship" but rather stated that "the court will consider the claim of 'gamesmanship.'" *Id.* at 17 (emphasis omitted).

The Court does not find ecobee's arguments persuasive. The Court wishes to make clear that it does not condone blatant acts of improper forum shopping. However, upon careful consideration, the Court does not find that EcoFactor engaged in improper forum shopping by voluntarily dismissing the DMA Action in the District Court of Massachusetts. As EcoFactor correctly notes, notices of voluntary dismissal are automatic as long as filed before the opposing party serves either an answer or motion for summary judgment. FED. R. CIV. P. 41(a)(1)(A)(i). ecobee did neither of these things. Additionally, the Court believes that this forum would be the most efficient means of resolving the Asserted Patents due to the Court's familiarity with EcoFactor's related patents and ecobee's accused products. Because EcoFactor did not improperly refile this case or commit any procedural errors, this Court denies ecobee's Motion for Sanctions on the grounds of improper forum shopping. However, this Court once again emphasizes that improper forum shopping for baseless claims will not be tolerated; but to date, that is not the case here. Should it become clear during this litigation that EcoFactor's claims are meritless and were meritless from the start given the *1185 Investigation*, ecobee is free to seek attorneys' fees.

**B. Dismissal under Rule 12(b)(3), 12(b)(6) and the First-to-File Rule.**

*1. First-to-File Rule*

ecobee claims that to "avoid piecemeal resolution of issues that call for a uniform resort," this Court should adhere to the Fifth Circuit's "first-to-file" rule that states "where duplicative

issues and parties exist in two cases, the court with the first case should resolve the issues between the parties and the second court should defer" for the sake of judicial efficiency. ECF No. 20 at 6 (quoting *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (citing *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985))). ecobee asserts that because three duplicative cases are currently between two different jurisdictions, the first-to-file rule should be applied to this case. *Id.* First, because EcoFactor filed the present case (the "Texas Action") while the Massachusetts case was administratively stayed, ecobee contends that this alone should lead this Court to consider the 2019 Action the "first-filed case." *Id.* at 6–7 (citing *USX Corp. v. Penn Cent Corp.*, 130 F.3d 562, 566–68 (3d Cir. 1997). Second, ecobee contends that the interests of justice also weigh in favor of the Court treating the 2019 Action as the "first-filed case." The Massachusetts Court's Stay Order ("Stay Order") was premised on either party being able to lift the stay to litigate in that jurisdiction pending the conclusion of the ITC Investigation. *Id.* (citing ECF No. 20, Ex. 1). Accordingly, ecobee argues that EcoFactor's procedural maneuvering unfairly contradicts the Stay Order.

ecobee additionally asserts that in similar circumstances of alleged forum shopping, the original court has found such activity amounts to improper forum shopping, which warrants an exception to the first-to-file rule. ECF No. 23 at 5 (citing *SmileDirect Club, LLC v. Candid Care Co.*, No. 6:20-cv-01115, slip op. (W.D. Tex. Aug. 5, 2021)). Thus, ecobee counters EcoFactor's claim that the first-to-file rule is subject to bright-line tests. Instead, ecobee asserts that when it comes to the first-to-file rule, "there are exceptions and the rule is not rigidly or mechanically applied." *Id.* at 4 (quoting *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012)).

In response, EcoFactor claims the first-to-file rule only applies to pending cases and the 2019 Action is not pending because EcoFactor's Rule 41(a)(1) dismissal automatically dismissed

the action. ECF No. 22 at 2. (citing *Scorpscast, LLC v. MG Freesites, Ltd.*, No. 6-20-CV-00877-ADA, 2021 WL 7286024, at *1 (W.D. Tex. June 21, 2021)). Moreover, EcoFactor claims a rule 41(a)(1) "notice of dismissal is **self-effectuating** and **terminates the case in and of itself**; no order or other action of the district court is required." *Id.* (quoting *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016) (emphases in original). EcoFactor additionally alleges that ecobee misapplies the *USX* case and that the Third Circuit reiterated that Rule 41(a)(1) affixed a "bright-line test" to limit the right of dismissal to the early stages of litigation; if a defendant has neither served an answer or summary judgment it can still voluntarily dismiss. *Id.* at 4. (citing *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165 (3d Cir. 2008)). Thus, EcoFactor argues ecobee's concerns about the demise of Section 1659 are speculative and overblown, and a defendant wishing to avoid voluntary dismissal can simply answer the complaint. *Id.* at 6. Finally, in citing *Scorpscast*, EcoFactor alleges there is no "improper forum shopping" exception to the first-to-file rule. *Id.* at 8 (citing *Scorpscast*, 2021 WL 7286024, at *1).

There has been generally universal concurrence between the various circuits that district courts can decline to apply the first-to-file rule when "special circumstances" exist. *See Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) (citing *Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*, 130 F.2d 474, 476 (3d Cir.), *cert denied*, 317 U.S. 681 (1942) (finding that there is a bad faith exception to the first-to-file rule); *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n. 3 (5th Cir. 1983) (finding that anticipatory suits are disfavored because they are aspects of forum shopping); *Mattel, Inc. v. Louis Marx & Co.*, 353 F.2d 421, 424 n.4 (2d Cir.), *cert dismissed*, 384 U.S. 948 (1965)). This Court does not endorse EcoFactor's behavior but recognizes significant "special circumstances" surrounding this case.

EcoFactor brought significant litigation before this Court regarding alleged infringement of various other (and same) patents and accused technology during the past two years while the 2019 Action remained stayed. These specific circumstances warrant giving priority to the Texas Action.

Additionally, the so-called first-filed case in the District of Massachusetts was dismissed pursuant to Rule 41(a)(1) before the Texas Action commenced. Thus, the case was immediately terminated and the Massachusetts court was deprived of jurisdiction as no case or controversy existed. That ecobee continued to file objections in the case is meaningless. Ecofactor has filed nothing since its Rule 41 dismissal and the court's response to ecobee's post-termination objection did not revive the case. In short, the 2019 Massachusetts litigation is not subject to the first-to-file rule because it was not pending at the time the Texas Action was filed. *See Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.*, 434 F. 3d 320, 324 (5th Cir. 2005) (explaining that plaintiffs have an absolute right to Rule 41(a)(1) dismissal with an effect as if the suit had never been brought; further explaining that "the plaintiff is free to return to the dismissing court or other courts at a later date with the same claim"); *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016) ("notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required.") (quoting *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (*per curiam*)); *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963) ("[The notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play."); *Ilaw v. United States*, 632 F. App'x 614, 619 (Fed. Cir. 2015) ("[T]he filing of the notice itself terminates the suit and divests the court of jurisdiction over all subsequent motions."); *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165 (3d Cir. 2008) ("Up

14

to the 'point of no return,' dismissal is automatic and immediate—the right of a plaintiff is 'unfettered.'") (citing *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977)). Additionally, ecobee fails to point to any authority to support its argument that a stay order deprives a plaintiff of this unfettered right to terminate an action under Rule 41(a)(1).

As to ecobee's declaratory judgment action, it was filed after the Texas Action and was not filed first. Accordingly, this Court declines to dismiss the case under the first-to-file rule pursuant to that case. ecobee's declaratory judgment action, filed after the Texas Action, may be subject to the first-to-file rule, but that decision is not before this Court.

In sum, one month after filing suit before the Massachusetts court in 2019, the parties jointly agreed to stay the case pursuant to 28 U.S.C. § 1659(a). For over two years, the 2019 Massachusetts case was stayed while this Court gained familiarity with the patents and accused products. Other than the filing of the complaint and order to stay, nothing occurred in the 2019 Massachusetts case. Here, however, the Court has engaged in substantial work with two cases, originally preparing for trial in the coming month before consolidating that case with another similar action. The parties are currently engaged in submitting a new scheduling order that reflects the updated deadlines, including trial set for March of next year. The Court finds that dismissal of the Massachusetts case and its re-filing here, as the Texas Action, contemplate judicial efficiencies more than forum shopping. And given ecobee's rush to file a declaratory judgment action in the same Massachusetts court after EcoFactor filed the Texas Action, its forum shopping arguments ring hollow.

### 2. *Improper Venue*

Much of ecobee's argument asserting that this Court is the improper venue rests on its first-to-file claim. However, the Court has declined to apply the first-to-file rule given the

15

"special circumstances" surrounding this case and fact that the Massachusetts case was effectively terminated before the case was filed. Additionally, as noted above, this case precedes ecobee's declaratory judgment action and was the first-filed case. In contrast, EcoFactor expressly alleges why venue is proper here. EcoFactor asserts that ecobee sells many accused thermostats to customers in this district, and targets advertisements to potential customers in the Western District. ECF No. 22 at 10. Likewise, EcoFactor notes additional evidence of proper venue through ecobee's partnership with Austin Energy. *Id.*

This Court agrees with EcoFactor's arguments and finds that venue is proper. With respect to ecobee, because ecobee is a foreign corporation (ECF No. 22 at 8), 28 U.S.C. § 1391(c)(3)—not 28 U.S.C. § 1400—applies. Accordingly, under 28 U.S.C § 1391(c)(3), venue is proper in this District for a foreign corporation as "a defendant not resident in the United States may be sued in any judicial district."

### 3. Failure to State a Claim

ecobee additionally asserts that this case be dismissed under Rule 12(b)(6) because no relief can be granted in the Texas Action. As support, ecobee again relies on its first-to-file argument citing the 2019 Action as the "first-filed case." The Court disagrees as outlined in the first-to-file analysis. For the foregoing reasons, the Court denies ecobee's Rule 12(b)(6) Motion to Dismiss.

### C. Transfer or Stay

In the alternative, ecobee requests this Court transfer the present case back to Massachusetts or stay the case pending the Massachusetts Court's decision on EcoFactor's Motion to Dismiss under the first-to-file rule. Since filing, the Massachusetts Court has ruled on EcoFactor's Motion to Dismiss (ECF No. 27, Ex. A at 2). Thus, the request for the present case

to be stayed is moot. In support of having the case transferred to Massachusetts, ecobee relies on the policy behind 28 U.S.C. § 1659 ("Section 1659"). The statute directs the district court to grant a timely "request of a party to the civil action that is also a respondent in the proceeding before the Commission" to stay the civil action "with respect to any claim that involves the same issues involved in the proceeding before the Commission." ECF No. 20 at 7 (citing 28 U.S.C. § 1659(a)). This purports to prevent infringement proceedings from occurring in "two forums at the same time." *Id.* at 8. Thus, ecobee asserts that allowing EcoFactor to proceed will encourage future defendants facing duplicative ITC and civil infringement proceedings to litigate "both proceedings simultaneously to negate the possibility of a unilateral dismissal and a refiling in another, potentially less convenient district." *Id.* Moreover, ecobee asserts there are no merits to EcoFactor's judicial efficiency argument because this Court's familiarity would regard different patents, the Court's experience with EcoFactor relates to different products offered by a different party (Google), and EcoFactor failed to prove infringement of the four Asserted Patents during the ITC Investigation and chose to terminate its appeal to the Federal Circuit.

In rebuttal, EcoFactor asserts that this Court is the most appropriate venue to hear this case. EcoFactor argues ecobee's concerns about the demise of Section 1659 are speculative and overblown as a defendant wishing to avoid a voluntary dismissal can simply answer the complaint. ECF No. 22 at 6. EcoFactor asserts ecobee overstates the ALJ's decision in the *1185 Investigation* and has no preclusive effect. *Id.* at 18. Accordingly, EcoFactor notes, "an invalidity decision by the ITC is not binding, but if the same prior art challenge is made against the claim in a later proceeding, it stands to reason that the result may well be the same unless some new argument or evidence is raised." *Id.* at 16. Thus, EcoFactor claims that while it would be best served in presenting new arguments or additional secondary considerations evidence to obtain a

different result, that does not mean it misrepresented anything to the PTAB. *Id.* Moreover, EcoFactor asserts that judicial efficiency disproves ecobee's forum shopping allegations, and ecobee's cited cases serve as a compelling factor weighing heavily against dismissal. *Id.* at 7–8. EcoFactor points to this Court's two years of experience in adjudicating EcoFactor's patent claims and no other district court has made any ruling on a merits issue involving an EcoFactor patent. *Id.* 10. In further support, EcoFactor points to its history of selling many accused thermostats to customers in this District, targeted advertisements to potential customers in the Western District, and its partnership with Austin Energy to incentivize customers to purchase the accused thermostats. *Id.* at 10.

This Court finds ecobee's arguments in favor of transfer unpersuasive. Under 28 U.S.C § 1404(a), the preliminary question is whether a civil action "'might have been brought' in the transfer destination venue." *WSOU Investments LLC v. Arista Networks, Inc.*, No. W-20-CV-01083-ADA, 2021 WL 6015526, at *1 (W.D. Tex. Nov. 5, 2021) (quoting *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008)). The burden to prove that a case should be transferred for convenience falls on the moving party. *Id.* at *2. The burden the movant must carry "is not that the alternative venue is more convenient, but that it is *clearly* more convenient." *Id.* (quoting *Volkswagen*, 545 F.3d at 314 n.10). ecobee briefly alleges why judicial efficiency would not be achieved if the transfer were denied; however, it never outlines how Massachusetts would constitute a "clearly more convenient" venue to justify a transfer. Thus, ecobee failed to carry its burden. Accordingly, this Court denies ecobee's alternative Motion to Transfer.

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** both the Motion for Sanctions under Rule 11 and Motion to Dismiss Pursuant to Rule 12(b)(3), 12(b)(6), and the First-to-File Rule, or in the Alternative, to Transfer or Stay. ECF Nos. 17, 20.

SIGNED this 22nd day of August, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE